I want to first turn to Mario Gonzalez-Corn's intention that this court should reverse his conviction for violation of 1326, illegally re-entering the United States after he had been previously deported, because the prior conviction upon which the government relied to deport him was not an aggravated felony. Mr. Gonzalez-Corn filed a motion to dismiss the indictment under 1326D. Because the underlying removal order serves as a predicate element of an illegal re-entry offense under 1326, an accused charged with that offense is permitted to collaterally attack the removal order under the Due Process Clause. In order to sustain the collateral attack, the accused must show first that he exhausted any administrative remedies that may have been available to seek relief against the order, second, that the deportation proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and third, that the entry of the order was fundamentally unfair. That's in 1326D. And an underlying removal order is fundamentally unfair if an alien's due process rights were violated by defects in the underlying deportation proceeding, and he suffered prejudice as a result of the defects. In numerous cases, this Court has explained that the 1326D requirements are interrelated, so that he can... Counsel, maybe, since you have limited time, why don't you cut to the chase. Aren't you trying to apply the categorical approach to a federal offense, which is defined by a federal statute? Yes, Your Honor. Where are you in... How do you get there? Well, in Moncrief... Can you walk us through that? I'm sure. Certainly, Your Honor. In Moncrief, this Court established certain elements that must be established in order for a distribution of marijuana offense to constitute an aggravated felony. One thing the Court said was that our more focused categorical inquiry is whether the record of conviction of the predicate offense necessarily establishes conduct that makes it punishable as a felony. Moncrief is a case involving a Georgia statute, correct? Yes, that's correct, Your Honor. It's trying to apply and equate a state statute to a federal crime, correct? Absolutely, Your Honor. That's not what we're doing here. No. What we're arguing is that we have to take the principles established in Moncrief and apply them... Where do you get any authority for that? You know, I don't have it in the briefs, Your Honor, but I'll be happy to look for it if you want. Well, if you were making this novel approach, now is not the time to add it to your briefs. That's your whole case. So, I suspect that you can search for a long time before you find any authority for that. Categorical approach isn't trying to apply federal statute to federal statute. Federal statute defines, we can walk, I'm sure the government will walk us straight through the analysis where, you know, aggravated felony is defined by statute. Your client got 15 months, so it's more than a year, so where's the categorical approach come in? Well, we're arguing that Moncrief set forth certain elements that have to apply in a distribution of marijuana case in order for it to be an aggravated felony. But that's in order to compare the state crime to a federal crime, and here we have a federal crime, and he was sentenced to a felony level sentence, right? How can we not say he was convicted of a federal felony? Well, I think what we're arguing is that you have to look at what Moncrief says. It says the only way to know whether a marijuana distribution offense is punishable as a felony is to know whether the conditions described in paragraph four are present or absent. So we're arguing that if you take Moncrief going forward, you have to look to see whether the conduct that Moncrief identifies as a felony is present in the record of conviction. So we're taking from Moncrief and arguing that you should apply the principles announced there. But aren't the principles designed to figure out whether a state crime is the same as a federal? And here we just have a federal crime. No. So why do we need to do this? Yeah, I understand what you're saying, because I think what Moncrief is saying that it's wrong for someone to be punished as a felony if the conduct, in fact, qualifies as a misdemeanor. But his didn't, right? And we know that because he already was convicted of a federal felony. Well, I don't, I think if you look at the record, it's not clear to me that it's necessarily falls under Moncrief because Moncrief says you look at the conduct. Now we know that the judgment is wrong because the judgment refers to 841B1D. And that is a sentencing factor that shouldn't be on the judgment. The offense should be on the judgment, which is 841A. So we know that there's an error in the judgment. And Moncrief tells us that we don't assume that counsel, effective counsel, is going to do what effective counsel should do. In other words, what we're arguing is that we don't know whether in this case, Mr. Gonzales-Korn's case, the litigation over whether the factors that Moncrief says have to be absent were in fact absent. And if you look at the Shepard document, which the government cites, which is the plea agreement, it also is ambiguous as to what Mr. Gonzales-Korn actually did. It's not ambiguous to the fact that he stipulated the net weight of the marijuana that he had was 20 kilograms. Well, actually, that's not exactly what the plea agreement says, Your Honor. What the plea agreement says is first it goes into the paragraph that he's entitled to a reduction of four levels because he's a minimal participant. Then it says the parties agree that the net weight of the marijuana removed from the Ford pickup on October 1, 2002 was at least 20 kilograms, but less than 40 kilograms. Now, we don't know what relationship this Ford pickup bore to Mr. Gonzales-Korn, and we know that he's a minimal participant. He admitted that he had between 20 and 40 kilograms in his possession, regardless whether the Ford pickup belonged to Hertz. Well, actually, my point is, Your Honor, that we don't know the plea agreement, which is the Shepard document, doesn't tell us what relationship that bore to him. All it says is that the parties agree that the net weight of the marijuana in that car was... We don't know if he's responsible for all of it or some of it. We don't know from this document. Wasn't he agreeing to possession of marijuana for distribution as part of his plea agreement? Yes, he was, Your Honor. This marijuana may have been referring to somebody else. Well, we know from this document that he was a minimal participant. We know that some quantity was found in the car, but we don't know what relationship that That's just my point, that it doesn't allow us to know, as the Supreme Court in Moncrief says we have to know, whether or not this was actually a felony or a misdemeanor under the rules set forth in Moncrief. Why do you say that it's an error for the judgment to say something about the sentence? Because this court has repeatedly, under the Rivera-Sanchez line of authority, repeatedly said that the sentencing factor should not appear in the judgment. Only the offense itself, which would be the 841A1, should appear in the judgment, and the sentencing factor should not. My point is just that we know that's an error, so we don't know what other errors there may have been in the proceedings. But unless there are any further questions, I'd like to reserve some time for rebuttal, Your Honor. Okay. Good morning, Your Honors. May it please the Court, Alison Westphal-Kong for the United States. There are many reasons why this Court should affirm the denial of defendant's motion to But I think the simplest is the one that the Court has been alluding to, the fact that without even engaging in any kind of categorical or modified categorical analysis, defendant was convicted under a statute that by definition is an aggravated felony under the Immigration and Nationality Act. And so I think it's useful to kind of think about the purpose of the categorical and modified categorical approaches. They're ultimately conversion tools for this Court to assist this Court in determining whether a particular statute, typically a state statute, which I'll call A, is equivalent to the generic offense, which I'll call B. But here, of course, the INA does the work for the Court by telling us that A equals B. Any felony under the Controlled Substances Act is necessarily an aggravated felony. So the only question is whether defendant was convicted of a felony rather than a misdemeanor. And this is clear for at least four reasons. And even if the Court had any doubt about one of them, clearly the combination of all four dispositively establishes that he's convicted of a felony. There's a reference to 841B1D in the judgment, which is the felony provision. Now, defendant suggests kind of based on the 1326 line of cases that it would be error to include this in the judgment. But I actually think you can't compare the 1326 cases to Title 21, United States Code 841. And I think recently the Supreme Court has given support to that position in the Burrage decision. For example, it suggested that 841B1C is essentially a lesser included of 841, of another 841, or of 841 is essentially a lesser included of 841B1C, the death results clause. So under that logic, I would argue that 841 offenses are necessarily defined as an amalgam of the A1 part, which is just the distribution or possession with intent to distribute of a controlled substance, as well as the so-called penalty provision. But in any case, the fact that we don't have a judgment that says 841A1, we actually have a judgment that says B1D, which is the felony provision. But in any case, even regardless of that, he's sentenced to 15 months imprisonment, which clearly is a sentence that would not be permissible for a misdemeanor. In addition, his plea agreement advises him that the maximum penalty he faces is five years, which I think demonstrates that this was a felony plea rather than a misdemeanor plea. And finally, if there were any doubt, the defendant stipulates in his plea agreement that the offense involved between 20 and 40 kilograms of marijuana, which is certainly more than a small amount. So I think that's the simplest way for this court to affirm the denial of his motion to dismiss. But kind of even under the categorical and modified categorical approaches, the government would contend that his argument still fails. Under a categorical approach, he would have to demonstrate a realistic probability that 841B1D is actually applied to social sharing situations. And as the government has argued, none of the cases he cited demonstrate that the government actually prosecutes people for sharing one or two marijuana cigarettes, which was the conduct at issue in Moncrief. In addition, the government would contend that the modified categorical approach can apply. The defendant focuses a lot on this court's decision in Rendon and the Supreme Court's decision in Decomp. But I think that ignores kind of the key, the novelty of the Moncrief decision. Moncrief says that before Moncrief, you were just comparing elements to elements. You compare the elements of the statute of conviction to the elements of the generic case. But Moncrief changes that and says, look, to the extent that the INA defines a crime by reference to elements as well as sentencing factors, then those are relevant too.  Sentencing factors can be considered in determining whether to engage in a modified categorical analysis. And just to illustrate that I think the defendant's argument actually has far-reaching consequences, I want to analogize to federal firearms offenses for a moment. And Moncrief kind of talks about this. So one ground of removability is a person has been convicted of an offense that involves a firearm as it's defined in federal law. And under federal law, there's an exemption for antique firearms. So under defendant's argument, you wouldn't just look to the statute and see that it's a federal firearm statute, you know, 18 United States Code 922G, you would have to first generically define it as an offense involving a non-antique firearm. And then under his argument, even federal convictions wouldn't qualify because after all the government doesn't have to prove beyond a reasonable doubt that the firearm is antique. It's an affirmative defense. And so in light of that, I think that the ultimate problem with defendant's argument is that the actual offenses that Congress specifically had in mind in setting forth grounds of removability and designating aggravated felons would no longer constitute as those grounds and that would contravene both the plain language of the INA and congressional intent. If the court has no further questions, the government would submit. Thank you very much. Do you wish to use some time for rebuttal? I just wanted to respond briefly to the fact that the prosecutor argued that there's no realistic possibility that social sharing exception would be applied. And we dealt with that in our briefs because Moncrief concluded that by saying that in the future, it will be assumed that there is the realistic possibility argument is past us and behind us now because it has been established in Moncrief. Unless there are any further questions, I'll submit. Thank you. Thank you very much. The case of U.S. v. Gonzalez-Corn will be submitted. Thank you very much for your argument.
judges: Fisher, Bea, Friedland